STATE OF NORTH CAROLINA v. TOMMY POLLARD

No. 764SC143

(Filed 2 June 1976)

1. Assault and Battery § 15— prior conviction of victim — consideration for credibility only — jury instructions proper

    In a prosecution for assault with a deadly weapon, the trial court did not err in limiting the jury's consideration of the victim's prior conviction for manslaughter to the question of the victim's cedibility

rather than allowing the jury to consider the conviction with respect to the question of the reasonableness of defendant's apprehension that the victim would cause him death or bodily harm, since there was no evidence, either circumstantial or direct, that defendant knew of the victim's prior manslaughter conviction.

**2. Assault and Battery § 15— self-defense — jury instructions proper**

The trial court properly instructed the jury that defendant's actions would be excused if the circumstances were such as would create in the mind of a "person of ordinary firmness" a reasonable belief that such actions were necessary to protect his life, and that it was for the jury to determine the reasonableness of defendant's belief that it was necessary to protect himself by shooting his victim.

APPEAL by defendant from *James, Judge.* Judgment entered 25 September 1975 in Superior Court, ONSLOW County. Heard in the Court of Appeals 5 May 1976.

Defendant was charged with assault on a female and assault with a deadly weapon with intent to kill resulting in serious injury. The State's motion to consolidate the two cases was allowed, and defendant was found guilty by a jury of assault with a deadly weapon inflicting serious bodily injury.

At trial Mary Jean Norton testified that she had previously been married to defendant, and that on 2 July 1975 defendant got into an argument with her and slapped her. She stated that Bill Norton, her father-in-law, came to her aid. According to her testimony, Bill Norton pulled a knife on defendant and struck him in the mouth. She told her husband, Terry Norton, about the incident when he returned home.

Terry Norton testified that on 3 July 1975 he and Bill Norton saw defendant at a restaurant, and that defendant was hit with a bottle of ketchup; and that he started beating up defendant until a waitress pulled a gun and ordered him to stop. Terry Norton did not recall hitting defendant with the ketchup bottle, but he did not deny doing it.

After the waitress pulled the gun, according to Terry Norton, he and Bill Norton went outside and got into their truck. Defendant followed them and fired into the truck, chased them out of the truck, and Terry Norton crawled under the truck where defendant shot him. Norton stated he had pleaded guilty to manslaughter when he was sixteen years old.

Defendant testified and denied hitting his former wife on 2 July 1975. He stated that Bill Norton cut him in the mouth

State v. Pollard

with a knife, and that on the following day at a restaurant Terry Norton threw a ketchup bottle at defendant, knocked him down, and that both Nortons began beating and kicking him. Defendant testified that he heard a shot and the Nortons left.

After the Nortons left the restaurant defendant stated that he took the pistol from his girl friend and went outside with the intention of protecting himself. He testified that he fired at the Nortons' truck, and that he chased Terry around the truck, and shot him in the leg after Terry crawled under the truck.

Defendant testified that he threw away the gun after emptying the shells, and that he was bleeding badly, in extreme pain, and "faintish," when Bill Norton grabbed him and cut him with a knife.

Dr. Piver testified that he examined defendant and Terry Norton on 3 July 1975, and that defendant had a broken jaw protruding through the skin, and that Norton had bullet wounds in his armpit and leg.

The restaurant owner, a waitress and defendant's girl friend corroborated defendant's testimony concerning the fight in the restaurant.

From a judgment imposing a three to four year prison sentence defendant appealed to this Court.

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Bailey & Gaylor, by Edward G. Bailey, for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court erred by failing to include "not guilty by reason of self-defense" in its last and concluding charge to the jury. This contention is unfounded since the trial court adequately instructed in its final mandate that if the jury were satisfied by the evidence that defendant acted in self-defense the defendant's actions were excused, and he would not be guilty of any offense.

[1] The trial court instructed the jury that they could consider the fact that Terry Norton, the victim, had pled guilty

to voluntary manslaughter, but they were to consider this only for the purpose of assessing the credibility of the witness. Defendant contends it was error to limit the jury's consideration of the victim's prior conviction for manslaughter. He argues that the prior manslaughter conviction was relevant to the question of the reasonableness of defendant's apprehension that Norton would cause him death or bodily harm.

"[W]hen the point in issue is the 'reasonableness of the defendant's apprehension or belief' the relevant circumstance is not the victim's actual character but the defendant's *knowledge* of facts which would reasonably create apprehension . . . . " Stansbury's N. C. Evidence, Brandis Revision, Character of victim in cases of homicide or assault, § 106, p. 332. There was no evidence, either circumstantial or direct, that shows that the defendant knew of the incident involving Norton's prior manslaughter conviction. The trial court did not improperly limit the jury's consideration of the victim's prior conviction for manslaughter.

[2] There is also no basis for defendant's assertion that the trial judge improperly charged the jury on self-defense. The jury was instructed that defendant's actions would be excused if the circumstances were such as would create in the mind of a "person of ordinary firmness" a reasonable belief that such actions were necessary to protect his life. Defendant argues that the use of the phrase "person of ordinary firmness" rather than the "defendant" imposed an objective standard rather than a subjective standard to determine his guilt.

The court further charged the jury that "[i]t is for you, the jury, to determine the reasonableness of the defendant's belief that it was necessary to protect himself by shooting Terry Norton . . . I say, it is for you, the jury, to determine the reasonableness of the defendant's belief from the circumstances as they appeared to him at that time." The instructions to the jury on the law of self-defense were proper. *State v. Jackson,* 284 N.C. 383, 200 S.E. 2d 596 (1973) ; *State v. Kirby,* 273 N.C. 306, 160 S.E. 2d 24 (1968) ; *State v. Ward,* 26 N.C. App. 159, 215 S.E. 2d 394 (1975).

We have reviewed defendant's remaining assignments of error to the judge's charge, and to the consolidation of the charges for trial, and we find them to be without merit.

No error.

Judges BRITT and VAUGHN concur.